Mr. Chief Justice ShaRkey
delivered the opinion of the court.
The defendants in error instituted suit against Pittman & Gwin on a note made by them as partners. The record shows that process was served upon Pittman, but not upon Gwin, although judgment is entered against both in the plural number. The plea is by Pittman alone, and there is an entry on the record, that “the defendants withdraw the plea by them pleaded;” yet we cannot take this as an appearance by Gwin: there is, therefore, nothing to show that he was in court, and if not a judgment against him, was irregular.
It is contended for defendants in error, that the service on one partner was service on the whole. It is not so by the common law, and I'know of no statutory provision making it so. It was, therefore, not such a service of process as would justify a judgment against Gwin; and although a judgment taken against Pittman alone might have been good, yet it is not good as against Gwin, and being joint it must be reversed. The case of Moore and Parker, 3 Littell, is directly in point. That was an action *531 against two, and one only was served with process, but judgment was entered against both, and it was held irregular. There was also an entry in that case that “the parties came by attorney,” but this recital on the record was not deemed sufficient to amount to an appearance of the party not served with process.
By the sheriff’s return it appears that Pittman only was served with process, and the mere memorandum of the clerk being in the plural number, is not sufficient to constitute an appearance.
Judgment reversed and cause remanded.